ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 APR 18 PM 12: 13

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MIJAIL R. HURTADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 306-082 |
| ) | |
| WALT WELLS, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Petitioner was convicted in the United States District Court for the Southern District of Texas of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. (Doc. no. 1, p. 2; doc. no. 9, p. 2 (citing Ex. 1)). On November 25, 1992, Petitioner was sentenced to 235 months of imprisonment. (Doc. no. 1, p. 2; doc. no.

---

[1] The Court takes judicial notice that Walt Wells has replaced Michael Pugh as warden at McRae Correctional Facility. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Walt Wells as Respondent in this case.

9, p. 2). This sentence included a two level enhancement for the involvement of a firearm in his crime.[2] (Doc. no. 9, p. 3). The crux of Petitioner's claim is that the BOP exceeded its authority when it denied Petitioner's request for early release pursuant to 18 U.S.C. § 3621 because of Petitioner's two level sentence enhancement. Petitioner contends that he did not commit a "crime of violence," and thus, the BOP exceeded it authority when it relied on Petitioner's two level sentence enhancement to exclude Petitioner from early release.

In 1994 Congress amended 18 U.S.C. § 3621 to include an incentive - of a possibility for a sentence reduction of not more than one year - for federal inmates to seek drug abuse treatment. 18 U.S.C. § 3621(3)(2)(B). On December 1, 1994, Petitioner graduated from a comprehensive drug abuse treatment program while he was incarcerated at the Federal Correctional Institution ("FCI") at Three Rivers, Texas. (Id. at 5 (citing Ex. 7)).

As Petitioner completed his drug abuse treatment program, he requested a sentence reduction based on his successful completion of an in-custody substance abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2). (Doc. no. 1, p. 7). In April 1996 the Bureau of Prisons ("BOP") determined that, despite completion of the drug abuse treatment program, Petitioner was ineligible for early release. (Id. at 5, 6 (citing Ex. 7)). Again, in November of 1996, a drug abuse coordinator at FCI at Three Rivers determined that although Petitioner was eligible for the residential drug abuse program, he was not eligible for early release because he had a two point enhancement for having a weapon ("[t]his is an instant offense

---

[2]Petitioner disputes whether a firearm was involved in the crime; he contends that the firearm was found in an apartment, of which he was not the tenant. (Doc. no. 10, p. 1). Nonetheless, Petitioner does not dispute that he received a two-level sentence enhancement pursuant to U.S.S.G § 2D1.1(b)(1). (Doc. no. 10, p. 2).

2

violent which is defined in 18 U.S.C.").³ (Id. at 6). The BOP denied Petitioner's request for early release because his sentence was enhanced under § 2D1.1(b)(1) based on the possession of a firearm. (Id.).

Petitioner objects to the denial of this request and asserts that his two level sentence enhancement should not bar him from being eligible for early release, as his crime does not qualify as a "crime of violence." (See doc. no. 1).

## II. DISCUSSION

In 1994 Congress amended 18 U.S.C. § 3621 to include an incentive for federal inmates to seek drug abuse treatment. In pertinent part 18 U.S.C. § 3621(3)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Because the statute neither defined "nonviolent offense" nor specified the criteria for awarding a reduction, the BOP issued a regulation providing the specific criteria. Byrd v. Hasty, 142 F.3d 1395, 1396-97 (11th Cir. 1998). That regulation provided that an inmate may be eligible for early release "unless the inmate's current offense is determined to be a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)." Id. (citing 28 C.F.R. 550.58 (1995)). In July 1995 the BOP issued a Program Statement that provided further guidance for determining whether an offense qualified as a "crime of violence" and whether an inmate

---

³Of note, Petitioner signed the form that explained that he was not eligible for early release. (Doc. no. 9, Ex. 9).

3

would be eligible for early release. See Program Statement 5162.02, Definition of Term Crime of Violence.[4] In April 1996, the BOP issued a Change Notice to Program Statement 5162.02 with the intent to clarify whether the enumerated offenses could be categorized as "crimes of violence." See Change Notice 01 to Program Statement 5162.02. The Change Notice provided the following example:

> Section 841 of Title 21 United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11) the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic," e.g., if a dangerous weapon was possessed during commission of the offense, the court would increase the defendant's base level by 2 levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a substantial risk that force may be used against persons or property. Accordingly, a defendant who has received a conviction for manufacturing drugs, (21 U.S.C. § 841) and receives a two level enhancement for possession of a firearm has been convicted of a "crime of violence."

(See doc. no. 9, Ex. 6, Program Statement 5162.02 with Change Notice 01).

The BOP has further defined the term "crime of violence" through Program Statement 5162.02 ("P.S. 5162.02"), which is entitled "Definition of Term-Crimes of Violence."[5] Byrd, 142 F.3d at 1397. This amendment was intended to apply to prisoners

---

[4]Section 9 of Program Statement 5162.02 provides that a conviction under 21 U.S.C. § 841 or § 846 is deemed a "crime of violence" if the sentencing court increased the base offense level under the Sentencing Guidelines pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the commission of a drug offense. Program Statement 5162.02, Definition of Term Crime of Violence.

[5]Section 9 of P.S. 5162.02 provides that a conviction under 21 U.S.C. § 841 or § 846 is deemed a "crime of violence" if the sentencing court increased the base offense level under the Sentencing Guidelines pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the commission of a drug offense. Byrd, 142 F.3d at 1397.

entering substance abuse treatment programs after October 9, 1997. Id. (citations omitted). Thus, as Petitioner completed the substance abuse program before October 9, 1997, the 1995 versions of the Regulation 550.58 and Program Statement 5162.02 apply to Petitioner.

In the instant case the BOP determined, pursuant to Program Statement 5162.02 with Change Notice 01, that Petitioner was ineligible for early release because he had "a two point enhancement for having a weapon. (This is a [violent] [] offense [] [as] defined [by] 18 U.S.C. § 841)."[6] (Doc. no. 1, p. 7 and Attach. C; Doc. no. 9, Exs. 7, 9). Petitioner asserts that the BOP exceeded its authority by excluding prisoners from eligibility based solely on 2D1.1(b)(1). (See generally doc. no. 1). Petitioner challenges whether the BOP's interpretation of 28 C.F.R. § 550.58 continues to mandate the exclusion from consideration for early release under § 3621(e)(2)(B) every inmate "convicted of a non-violent offense" solely by resorting to sentencing factors derived from the federal Sentencing Guidelines. (Doc. no. 1, p. 10).

Petitioner makes several arguments in support of his position. First, Petitioner asserts that the Sentencing Commission's application notes to § 4B1.2 provide that "the term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon. 508 U.S. 36 (1995)." (Doc. no. 10, pp. 1, 2). Thus, Petitioner concludes that his two level

---

[6]As noted *supra*, the BOP specified in Program Statement 5330.10 with Change Notice 03, that for inmates who had already completed the unit based portion of the residential drug abuse program on the date of the program statement's implementation, October 9, 1997, the following guidance applied: "[I]nmates in this category shall have their instant offense reviewed pursuant to the Definition of Term, crimes of violence policy and related Operations memoranda." (Doc. no. 9, Ex. 10, Program Statement 5330.10 with Change Notice 03, relevant chapter 6, p. 9). Thus, Petitioner's determination of his eligibility was based on Program Statement 5162.02 with Change Notice 01.

5

sentencing enhancement should not preclude him from early release.

In support of this argument Petitioner relies on Byrd v. Hasty, 142 F.3d 1395, 1398 (11th Cir. 1998). In Byrd, the Eleventh Circuit concluded that the BOP had exceeded its authority because 18 U.S.C. § 3621(e)(2)(B) speaks only in terms of conviction, while the BOP's interpretation of a "crime of violence" included sentencing enhancements in determining whether an offense is a "crime of violence." Id. For example, if a petitioner has been convicted of conspiracy and possession with the intent to distribute cocaine (violations of 21 U.S.C. § 846 and 841(a)(1)), he has not been convicted of a "crime of violence." Id.

Petitioner correctly asserts that in Byrd the Eleventh Circuit concluded that the BOP had exceeded it authority. However, Petitioner was not under the Eleventh Circuit's jurisdiction when the determination for his early release was made. Petitioner completed his Comprehensive Residential Drug Program treatment on December 1, 1994, while he was incarcerated at FCI in Three Rivers, Texas, which is located within the jurisdiction of the United States Court of Appeals for the Fifth Circuit. (Doc. no. 9, p. 5). Petitioner applied for early release relying on his completion of the drug treatment program. Petitioner's request was denied in April and November 1996 while Petitioner was incarcerated within the Fifth Circuit. (Doc. no. 9, Exs. 7, 9). Concurrent jurisdiction exists both in the district where a petitioner is confined and in the district or state that may subject a prisoner to future custody. Byrd v. Martin, 754 F.2d. 963, 965 (11th Cir. 1985); see also Santillanes v. United States Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985) (noting when a court has jurisdiction over a prisoner at the time the petition is filed, jurisdiction is not defeated by a subsequent transfer of the prisoner). Petitioner was incarcerated at FCI in Three Rivers,

Texas; thus, he was under the Fifth Circuit's jurisdiction.[7]

Although the Eleventh Circuit found that the BOP had exceeded its authority by excluding prisoners from eligibility based solely on 2D1.1(b)(1), the Fifth Circuit concluded that:

> The Bureau of Prisons' exclusion of felon-in-possession of a weapon convictions and drug convictions with enhanced sentences due to possession of a weapon, from eligibility for early release after substance abuse treatment is consistent with the letter and spirit of the Bureau's authority as derived from section 3621(e). The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest.

Venegas v. G.L. Henman, 126 F.3d 760, 765 (5th Cir. 1997) (citations omitted). Thus, the BOP, according to the Fifth Circuit did not exceed its authority in finding Petitioner ineligible for early release in light of his two level sentencing enhancement.

Petitioner also argues that because district courts in the Tenth Circuit concluded that the BOP had exceeded its regulatory authority when it interpreted § 3621(e)(2)(B) to exclude inmates who have not been "convicted of a violent offense" by resorting to sentencing factors or enhancements, this Court should find that the BOP exceeded its regulatory authority in determining that Petitioner was not entitled to early release. See, e.g. Fristoe v. Thompson, 144 F.3d 627, 631-32 (10th Cir. 1998). Of note, at the time that the determination was made in Petitioner's case, regarding his early release, he was within the Fifth Circuit's jurisdiction. As noted above, the Fifth Circuit upheld the BOP's determination of what constitutes a

---

[7]Until his transfer to McRae in April 2006 (except between July 23, 1999 and December 8, 1999 when no determinations were made on Petitioner's eligibility for early release), Petitioner was only designated to institutions within the Fifth Circuit. (See doc. no. 9, Ex. 7).

7

"violent offense." Venegas, 126 F.3d at 765.

Similarly, Petitioner's argument that the BOP amended its procedures by way of an operations memorandum, in the Eighth Circuit, redefining the term "crime of violence," is also misguided. This operations memorandum stated that it applied to all inmates currently in the Eighth Circuit. (Doc. no. 1, p. 11). Of note, Petitioner has never been designated to an institution in the Eighth Circuit, as such, this operations memorandum is inapplicable to Petitioner. (Doc. no. 9, p. 8 n.7 (citing Ex. 1)).

Petitioner's third argument is that the BOP violated the Administrative Procedure Act ("APA") with its promulgation of the 1997 interim regulation because the BOP failed to provide the required notice and comment period before effectuating the 1997 interim regulation. In support of his argument Petitioner relies on Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005) and Bohner v. Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003). Of note, the BOP's 1995 regulation - the regulation by which Petitioner was deemed ineligible - was upheld by the Fifth Circuit. Venegas, 126 F.3d at 763 (stating the BOP's internal agency guidelines are not subject to the APA's notice-and-comment requirements). Moreover, regulations such as Program Statements and Change Notices are internal agency guidelines and are therefore "akin to . . . 'interpretive rule[s]' that 'do not require notice and comment. Reno v. Koray, 515 U.S. 50, 60 (1995); see also Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000) (noting that in contrast to a substantive rule promulgated by an agency, a BOP program statement is an interpretative statement of position circulated within the agency that serves to provide administrative guidance in applying a then existing published rule). As such, the BOP did not violate the APA in its promulgation of the 1997 interim regulation.

8

In his fourth argument, Petitioner claims that the 1997 provision of the interim regulation improperly revoked his eligibility for early release under 18 U.S.C. § 3021(e)(2)(B).[8] Petitioner argues that because he initially had been determined to be provisionally eligible for early release, the retroactive application of the interim regulation categorically denied him of this eligibility. (Doc. no. 1, pp. 13, 14).

"In order for a petitioner to prevail on a claim that Program Statement 5162.02, as modified by Change Notice 01, was erroneously used retroactively to render him ineligible for a sentence reduction, the Petitioner must show that he was legitimately eligible for a sentence reduction prior to the issuance of Change Notice 01. Royal v. Tombone, 141 F.3d 596, 601-02 (5th Cir. 1998). Assuming that the petitioner presented evidence sufficient to show that the BOP granted him a sentence reduction pursuant to the original version of Program Statement 5162.02, a court must consider whether that version's interpretation of § 924(c)(3) is a permissible one."[9] (Id.).

Petitioner does not allege, nor does the Court note anywhere in the record, that Petitioner was determined to be eligible for early release. The record does reflect that on

---

[8]The 1997 provision of the interim regulation gives the BOP discretionary authority when applying 18 U.S.C. § 3021(e)(2)(B), to deny early release to inmates based on sentencing enhancements. This regulation was upheld by the Supreme Court in Lopez v. Davis, 531 U.S. 230 (2001).

[9]In support of Petitioner's retroactive argument, he cites to a Ninth Circuit case, Cort v. Crabtree, 113 F.3d 1081 (9th Cir. 1997). For the reasons stated *supra*, the Ninth Circuit cases are not binding on Petitioner. Moreover, the facts asserted in Cort are distinguishable from the facts in the case at bar. In Cort, Change Notice 01 to Program Statement 5162.02 **changed the petitioners eligibility** Cort, 113 F.3d 1086-87 (emphasis added); as noted above, Petitioner was deemed ineligible pursuant to the "original" Program Statement 5162.02.

9

April 4, 1996 Petitioner was determined to be ineligible for early release; thus his eligibility status was not revoked pursuant to the 1997 change. As Petitioner was never eligible for early release, his argument that the 1997 provision revoked his eligibility must be rejected.

Petitioner's final argument is that the BOP has wrongfully disrupted his "settled expectation" because he had already been provided with a determination of eligibility prior to the date the amended regulation went into effect. However, as noted above, the record reflects that Petitioner was never determined to be eligible for early release and thus, he had no settled expectation. In fact, the record indicates that Petitioner was not eligible for early release as of April 4, 1996 (doc. no. 9, Exs. 7, 9), and this status, to date, has not changed. Petitioner again relies Cort, 113 F.3d 1081 in support of his "settled expectation" argument. As previously noted, however, the facts from Cort are distinguishable from the facts in the case at bar, as Petitioner was never given the expectation that he was eligible for early release.

In sum, Petitioner was incarcerated within the jurisdiction of the Fifth Circuit at the time he requested, but was denied a sentence reduction based on his completion of an in-custody substance abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2). Petitioner was never determined to be eligible for a sentence reduction, moreover, the Fifth Circuit - albeit only one of perhaps two circuits - concluded that the BOP had not exceeded its authority by excluding prisoners form eligibility based on 2D1.1(b)(1). Accordingly, Petitioner's reliance on rulings from other circuits is misguided. Moreover, as Petitioner was never determined to be eligible for early release, his retroactive application and settled expectation arguments also miss the mark. As such, Petitioner is not entitled to the relief he

10

seeks in his petition.

## III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 18th day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE